# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ALEX LEE LINEBERGER, a/k/a Paylo,
        *Defendant-Appellant.*

No. 01-4916

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-01-5)

Submitted: May 29, 2003

Decided: June 4, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jennifer W. Moore, THE MOORE LAW FIRM, Asheville, North Carolina, for Appellant. Robert James Conrad, Jr., United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Alex Lee Lineberger pled guilty to conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. § 846 (2000). The Government filed an information pursuant to 21 U.S.C. § 851(a) (2000) seeking to enhance Lineberger's statutory maximum sentence based on three prior felony drug convictions. At sentencing the district court inquired into the validity of each conviction and Lineberger affirmed each conviction. Lineberger was not informed that if he did not raise a challenge to a prior conviction before his sentence was imposed, any such challenge would be waived. 21 U.S.C. § 851(b) (2000). Counsel for Lineberger has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising issues relating to ineffective assistance of counsel and the district court's failure to conduct the colloquy required by § 851(b), but stating that there are no meritorious issues for appeal. Lineberger was informed of his right to file a pro se supplemental brief but has failed to do so. The Government declined to file a brief.

First, Lineberger asserts trial counsel was ineffective without offering specific grounds. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We have reviewed the record for error and have found no clear ineffective assistance by Lineberger's counsel.

Second, Lineberger contends the district court erred by its failure to inform him that his failure to challenge the convictions relied on to enhance his sentence under § 851(a) waived further review of those convictions. The district court erred by its failure to completely comply with § 851(b), and the error was plain. *See United States v. Ellis*, No. 01-4583, slip opinion at 7 (4th Cir. April 25, 2003) (published). However, because Lineberger affirmed those prior convictions, such error did not affect Lineberger's substantial rights. *Id.* at 6-8.

We have reviewed the record in accordance with the requirements of *Anders* and find no meritorious issues for appeal. We therefore

affirm Lineberger's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*